1 | KAREN P. HEWITT
United States Attorney
2 | CHRISTOPHER M. ALEXANDER
Assistant U.S. Attorney
3 | California State Bar No. 201352
Federal Office Building
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-7425

6 | Attorneys for Plaintiff
United States of America

7

8

FILED

JUL 1 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAFAEL SANTIAGO (1),<br>ABNER BETECH (2),<br>SAID BETECH (3),<br>AVIVA BETECH (4),<br>ANGEL ARMENDARIZ (5),<br>LUCETTE MONTANE (6),<br><br>                    Defendants. | Case No. 08MJ1855<br><br>EX PARTE PETITION FOR ORDER PERMITTING DISCLOSURE OF GRAND JURY MATERIAL, TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES, AND ORDER PERMITTING DISCLOSURE OF SEARCH WARRANT AND GRAND JURY MATERIAL, AND PROTECTIVE ORDER<br><br>Judge:          Honorable Nita L. Stormes |

The United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher M. Alexander, Assistant U.S. Attorney, moves this Court for an order permitting the disclosure and use of matters occurring before the grand jury to defense counsel, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). This Motion is based upon the attached statement of facts, memorandum of points and authorities.

I

## STATEMENT OF FACTS

Creative Financial Solutions, Inc. ("CFS") was a mortgage brokerage firm located at 707 Broadway Avenue, Suite 1720, San Diego, California. CFS provided property financing for buyers. CFS was owned and operated by Defendants ABNER BETECH ("ABNER") and SAID BETECH ("SAID"). Defendants RAFAEL SANTIAGO ("SANTIAGO"), ABNER, SAID, AVIVA BETECH ("AVIVA"), ANGEL ARMENDARIZ ("ARMENDARIZ"), and LUCETTE MONTANE ("MONTANE") were loan officers at CFS. CFS Realty, a sister company that was located in the same office suite, was run by AVIVA. CFS Realty provided realty services for clients that were looking to purchase a home. According the California Department of Real Estate on-line public license search, on February 13, 2002, AVIVA was issued "salesperson" license. It expires on July 17, 2010.

In about 2005, ABNER, SAID, and others started CFS. CFS sent loan application packages and other documents to lenders for review and funding. CFS did not itself fund loans, but received commissions from lenders when loans closed.

Beginning in about a date unknown, and continuing through at least November 2006, SANTIAGO, ABNER, SAID, AVIVA, ARMENDARIZ, and MONTANE (collectively, "Defendants") were loan officers at CFS. As loan officers, SANTIAGO, ABNER, SAID, AVIVA, ARMENDARIZ, and MONTANE sent, cause to be sent, or aided and abetted the sending of loan application packages and other documents to lenders for review and funding, and received commissions from lenders when loans closed. In addition to commissions, SANTIAGO, ABNER, SAID, AVIVA, ARMENDARIZ, and MONTANE received payments from lenders, the sellers, and buyers when loans closed.

Through investigation, the FBI has learned that CFS and CFS Realty were engaged in an extensive mortgage fraud scheme. CFS's scheme had two components. First, CFS obtained mortgage loans for unqualified and unknowing borrowers by submitting fraudulent mortgage loan applications. Some of the unqualified borrowers did not know they were purchasing properties and had their identities stolen. For each transaction, CFS or CFS Realty would receive a commission. Second, CFS utilized inflated values on the properties purchased. The difference between the actual value and the inflated

08mj1855

1  value would be given as a "kickback" at closing to the buyer, mortgage broker, and realtor. Some of the

2  money for the kickback was paid by the seller and some of it was paid out of escrow as specified on the

3  finalized HUD-1 of the transaction.

4        On June 13, 2008, Magistrate Judge Peter Lewis signed a Complaint in the Southern District of

5  California charging Defendants ABNER, SAID, AVIVA, SANTIAGO, ARMENDARIZ, and

6  MONTANE with wire fraud, in violation of 18 U.S.C. § 1343. In addition, on June 13, 2008, Magistrate

7  Judge Lewis signed arrest warrants for Defendants and search warrants. On June 16, 2008, the FBI and

8  Internal Revenue Service ("IRS") executed arrests at the last known addresses of ABNER, SAID, and

9  AVIVA. However, on June 16, 2008, agents were unable to locate SANTIAGO, ARMENDARIZ, and

10  MONTANE and they were still at large as fugitives. Additionally, during the week of June 16, 2008,

11  FBI and IRS agents executed search warrants.

12        On June 24, 2008, in the morning hours, ARMENDARIZ self-surrendered. Later that afternoon,

13  at approximately 1:30 p.m., SANTIAGO was arrest at the Luxe Hotel Room 243 located in Los Angeles,

14  California. MONTANE remains at large.

15        Defendants have made an informal request for discovery. To comply with this request, the

16  United States is requesting permission to disclose some grand jury information.

17                             II

18                      **ARGUMENT**

19  Rule 6(e)(3)(E)(i) Allows For the Requested Disclosure

20        Rule 6 provides that "[t]he court may authorize disclosure–at a time, in a manner, and subject

21  to any other conditions that it directs–or a grand-jury matter:"

22        (i) preliminary to or in connection with a judicial proceeding;

23  Fed. R. Crim. P. 6(e)(3)(E)(i). The grand jury information in this case consists of testimony and

24  documents subpoenaed by the grand jury. Although a reasonable argument can be made that such

25  information is not discoverable under Federal Rule of Criminal Procedure 16(a)(1)(E), this request is

26  made out of an abundance of caution so as not to create unnecessary delay or discovery issues.

27        In addition, because of the searches have been executed, the United States moves to unseal the

28

08mj1855

1    search warrants and affidavits associated with these Defendants including 08MJ1853 and 08MJ1854.

2    III

3    **CONCLUSION**

4    For the reasons stated herein, the United States' Ex Parte Petition for Disclosure of Grand Jury

5    Materials, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), should be granted.  In addition,

6    this Court should order the search warrants and affidavits associated with these Defendants to be

7    unsealed.

8    Dated: July 14, 2008.

9    Respectfully submitted,

10    KAREN P. HEWITT
      United States Attorney

11

12    CHRISTOPHER M. ALEXANDER

13    Assistant U. S. Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08mj1855